### PONSONY vs. DEBAILLON & AL.

In a suit on an attachment bond, the plaintiff cannot give evidence of the deterioration of the property, without having alleged it.

The declarations of a party when they make a part of the *res gesta*, are evidence.

When suit is brought on an attachment bond, it is the duty of the obligee to allege & prove the damage he has sus-

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. This action is brought on a bond given by the defendants to the petitioner on their suing out a writ of attachment against him. The case was dismissed, it not being one, of which the court before whom it was brought, had jurisdiction. The petition sets out the bond and the condition, and assigns several breaches or causes of damage, by which, it is averred, the plaintiff has sustained injury to the amount of

two thousand five hundred dollars, the sum for which the obligation was given.

After setting out these breaches, the petition goes on to state, as another breach of the condition of the bond, " that the writ of attachment, aforesaid, issued out in manner and form aforesaid, by the said Jean Marie Debaillon as aforesaid, was illegally and wrongfully sued out, with the intention of harassing, oppressing and injuring your petitioner; by reason of all which premises alleged, the petitioner has sustained damage to the amount of five thousand dollars; that by reason of the breaches aforesaid, alleged, and others that will be alleged, if required by the court, the said writing, obligatory, has become forfeited, and thereby an action has accrued to your petitioner, to demand and have, from the said *Jean Marie Debaillon* and *Charles Garrigues Flaujac, jr. his security*, the said sum of two thousand five hundred dollars, *the amount of said writing, obligatory,* and to have and demand from the said *Jean Marie Debaillon*, the aforesaid sum of five thousand dollars."

The petition avers further, that the defendants, though often requested, had refused to pay the amount of the bond so forfeited; and

Western Dist
*Sept, 1827,*

PONSONY
*vs.*
EBAILLON
& AL.

tained by a breach of the condition When the plaintiff claim damages beyond the penalty in the bond, and alleges the attachment was commenced with a view to harass and oppress him, the defendant may give in evidence acts of the plaintiff which induced a belief he was about to remove the property. And in every case the obligee in the bond may prove these facts, which produced the belief the defendant in attachment was about to leave the state. What others said at the time, of his intention to remove, may be given in evidence.

WesternDis't that Debaillon had refused to pay the five thou-
Sept. 1817.
sand dollars damage though often required so
PONSONY
vs.
to do.     It concludes with a prayer for judg-
DEBAILLON ment against them both, as parties to the writ-
& AL.
ing, and against one of them, Debaillon, for the
sum of $5000 damages.

To this petition, the defendants pleaded the
general issue, and further averred, that the
court where the suit had been instituted, did
possess jurisdiction of the case, that the plain-
tiff's attorney had admitted it in his answer,
and that if it did not, the error was common to
all the parties to the suit.   That the plaintiff
was intending to defraud minors to whom he
had been tutor, and the suit had been instituted
against him by attachment, to defeat that pur-
pose.

On these issues the parties went to trial in
the court below, and a jury gave a verdict for
the plaintiff in the sum of $1000.   A motion
was made for a new trial, and overruled; and
judgment being rendered, in conformity, the
defendants appealed.

There are ten bills of exceptions on the re-
cord; the three first were taken by the plain-
tiff, and an attentive consideration of them has

satisfied us, the judge below did not err in the opinions to which these exceptions are taken.

WesternDist.
*Sept.* 1827.

PONSONY
*vs.*
DEBAILLON
& AL.

From the first bill of exceptions taken on the part of the defendants, it appears, the plaintiff offered in evidence, witnesses for the purpose of proving the situation of the real property and buildings at their seizure (under the writ of attachment) and their situation at the time they were restored to the plaintiff; to which evidence, the defendants, by their counsel, objected, on the ground that no damages had been claimed in the petition for any negligence or misconduct with regard to the real property and buildings whilst under seizure, nor for any deterioration of such property." The court, however, was of opinion that the evidence was admissible.

In support of this opinion, it has been first contended, that the plaintiff was not under any necessity of setting out the breaches; that the matter should have come by way of defence from the defendants. A reference to the terms of the bond, and a slight consideration of the nature of the case, completely answers this idea. The bond being for the payment of such damages, as the obligee may sustain, and the penal sum mentioned in it being merely to cover

Western Dist.
  Sept. 1827.

PONSONY
  vs.
DEBAILLON
  & AL.
and secure these damages, it necessarily follows, the plaintiff must allege and prove what injury he has suffered. There is no other mode in which the investigation into the right could be carried on without violating first principles. Let us suppose the case, where a breach of the bond occasioned no injury to the plaintiff. The defendant could not be required to prove that no damage had been sustained, for that would be to prove a negative. In the other hypothesis, that damages had been suffered; it is surely not the duty of the person who inflicts them to allege and prove their nature and amount. By the common law of England, at one period of their jurisprudence, it was a consequence of [i]ts technicalities, that, in bonds of this kind, the obligee could, at law, recover the amount of the penalty, and the obligor was driven into equity for relief. But by a statute passed in that country in the reign of William III. the plaintiff was obliged to assign breaches, and prove them. In our system, no such rules have ever had existence, and if they ever had, good sense would have long since exploded them.

The plaintiff in this case, with great propriety, did allege in his petition, the several causes why the non-compliance of the defendants with

the condition of their bond had occasioned him
damage; but we look into them in vain for that
fact, which the court, notwithstanding the op-
position of the defendants, permitted him to
prove, in relation to the real property. The
only thing that we find respecting it, is the
averment that *it was seized;* and this is all the
defendants could be expected to come prepar-
ed to meet. Proof that it was damaged and
deteriorated in value, was, therefore, giving evi-
dence of an injury not alleged, and was a vio-
lation of the rule that the *allegata* and *proba-
ta* must correspond.

The second bill of exceptions was taken to a
refusal of the judge to admit certain acts offer-
ed in evidence, to shew, the plaintiff had, pre-
vious to leaving the state, made several frau-
dulent conveyances of his property; that the se-
curity given by him had become insolvent; and
that efforts had been made by him to remove
his property out of the parish of St. Landry, and,
subsequently beyond the jurisdiction of the
court. This testimony was objected to on the
ground that these facts made no part of the al-
legations contained in the petition filed in the
suit in which the attachment issued, and were
not admissible in mitigation of damages.

Western Dist
*Sept*, 1827.

Ponsony
*vs.*
Debaillon
& al.

This objection has been very ingeniously argued in this court, but we are unable to yield our assent to it. If, as the argument assumed, the petition had been confined to an allegation of the actual injury sustained by the property of the plaintiff, from the defendant's breach of the condition of the bond, then, perhaps, the position taken would be tenable. For as the obligors, by the terms of the obligation, bound themselves to do a certain act, or pay damages for the non-performance, no matter what might be their motives for making such an agreement, they must abide by the contract they voluntarily entered into. But the petition does not stop with an allegation of injury for the breach of the bond. It alleges, that the principal in it sued out the writ of attachment with a view to harass, oppress, and injure the plaintiff; and that, by reason thereof, damages beyond those mentioned in the penalty had been sustained. When, therefore, a legal process is alleged to have been taken out from bad motives, to enhance the damages, we are clear the defendant has a right to rebut this charge, by shewing they were good.

The third bill of exceptions requires no particular notice; we think the judge did not err in

the opinion given by him. The declarations of plaintiff made a part of the *res gesta* and were properly admitted to go to the jury.

Western Dist.
*Sept*, 1827,

PONSONY
*vs.*
DEBAILLON
& AL.

The opinion given by the judge, in relation to the matter which forms the fourth bill of exceptions, is, in our opinion, erroneous, on the principle already laid down in relation to the second. The plaintiff, with a view to show the injury suffered by him, in consequence of the seizure of his property, gave evidence he was obliged to seek refuge in the houses of his friends. The defendant offered to prove that his motives for going there were independent of any cause arising out of the attachment. This was refused; and why, we cannot conjecture. If it was competent for the plaintiff to prove the fact, and under the pleadings we have no doubt it was, it was surely open for the defendant to shew why that fact occurred. If it had a tendency to increase the damages the plaintiff claimed, the defendant had a right to mitigate those damages, by shewing it to be unconnected with the injury for which suit was brought.

The point of law involved in the fifth bill of exceptions, was, in our opinion, correctly decided by the judge *a quo.*

Western Dist
*Sept.* 1827

PONSONY
*vs.*
DEBAILLON
& AL.

The defendant offered to prove that soon after the plaintiff's departure for France, a witness called at the house where he had lived, and was informed by a member of his family, that she did not know where he was gone; and that the witness communicated this fact to the defendant Debaillon. The plaintiff objected to this proof, because it was hearsay, and that the member of the family ought to be produced. The judge being of the same opinion, his decision, rejecting the testimony, forms the ground of the sixth bill of exceptions

Our attachment law requires the plaintiff to swear to his belief of facts in relation to the defendant, which must be ascertained, by enquiries into all the circumstances of his departure—his declarations to others—and by common report. When the correctness of the plaintiff's proceedings subsequently became a subject of investigation, he had a right to give in evidence all these circumstances ; and all the declarations, either of the defendant or others, from which the belief was formed, in relation to the removal contemplated, or effected by his debtor, and the motives of that removal. The testimony, therefore, offered in this case, should have been admitted. The

objection is, that the woman is the best witness Western Dist. *Sept.* 1827. and should have been called; but we think differently. If the evidence offered had been in relation to any fact within that woman's knowledge, she certainly ought to have been produced, and what she said respecting it would not be the best evidence. But whether she told the truth or not, that which she stated was a circumstance, with others, to go to the jury, to shew under what impressions the plaintiff acted: and of her declarations those who heard her, were as good witnesses as she could be.

PONSONY *vs.* DEBAILLON & AL.

The 7th bill of exceptions has been abandoned before this court: the opinion stated in it, to be given by the judge, was clearly correct.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed: and it is further ordered, adjudged, and decreed, that the cause be remanded for a new trial, with directions to the judge *a quo* not to admit testimony of the injury done to the real property; and not to reject evidence such as that stated to have been offered by the defendants

PONSONY
    vs.
DEBAILLON
    & AL.

in the second, fourth, and sixth bills of excep-tions taken by them, on the trial of this cause. And it is further ordered, adjudged, and de-creed, that the appellee pay the costs of this appeal.

*Simon* and *Garland* for the plaintiffs, *Le-sassier* and *Brownson* for the defendants.